1    WO                                                                                    MW

2

3

4

5

6                      **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    Jose Rafael Ramirez Collada,                    No.  CV-20-01058-PHX-JAT (JZB)

10                            Petitioner,             **ORDER**

      v.
11

12   William Barr, et al.,

13                            Respondents.

14

15          Petitioner Jose Rafael Ramirez Collada (A# 213-360-986) has filed, through

16   counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a

17   Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2).  The Court

18   will require Respondents to answer the Petition.

19   **I.     Background**

20          Petitioner is a native and citizen of Cuba.  On February 19, 2020, he applied for

21   admission into the United States at the port of entry in San Luis, Arizona, and was taken

22   into custody by the United States Department of Homeland Security ("DHS").  (Doc. 1-2

23   at 6-7, 28-37.)  Petitioner was determined to be inadmissible to the United States and placed

24   in expedited removal proceedings pursuant to Immigration and Nationality Act ("INA")

25   § 235(b)(1),  8 U.S.C. § 1225(b)(1).   He expressed a fear of persecution or torture if

26   returned to Cuba and was referred for a credible fear determination.  (*Id*.)  Petitioner was

27   then transferred and detained in the CoreCivic La Palma Correctional Center in Eloy,

28   Arizona.  (*Id.* at 6.)

TERMPSREF

On February 28, 2020 and March 13, 2020, Petitioner received credible fear interviews.  (Doc. 1-2 at 6-27.)  An asylum officer found Petitioner was not credible and therefore determined that he had not established a credible or reasonable fear of persecution or torture if removed to Cuba.[1]  (*Id.* at 5, 38-40.)  The determination was approved by a supervisory asylum officer (*id.* at 10), and on May 14, 2020, Petitioner was ordered removed from the United States (*id.* at 3-5).  Petitioner requested review of the credible fear determination by an Immigration Judge ("IJ") (*id.* at 5), and on May 26, 2020, the IJ affirmed the asylum officer's credible fear determination.[2]

## II.    Petition

In his Petition, Petitioner names United States Attorney General William Barr, United States Immigration and Customs Enforcement Phoenix Field Office Director Albert Carter, Acting DHS Secretary Chad Wolf, and Acting United States Citizenship and Immigration Services Director Kenneth Cuccinelli as Respondents.[3]

Petitioner brings three grounds for relief claiming that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief, and his removal without an opportunity for meaningful judicial review of that process violates the INA, the implementing regulations, the Administrative Procedure Act, the Suspension Clause, and

---

[1] Petitioner was deemed ineligible for asylum pursuant 8 C.F.R. § 208.13(c)(4) on the basis that he did not apply for protection from persecution or torture in at least one country through which he transited en route to the United States, and was therefore found to have "not established a significant possibility of establishing eligibility for asylum and [] received a negative credible fear of persecution determination."  (Doc. 1-2 at 10, 41-42.)  Consequently, Petitioner was screened only "for potential entitlement to withholding under INA [§] 241 or [Convention Against Torture] protection under a 'reasonable possibility of persecution' and 'reasonable possibility of torture' standard."  (*Id.*)

[2] *See* Executive Office for Immigration Review Automated Case Information System, https://portal.eoir.justice.gov/InfoSystem (last accessed June 1, 2020).

[3] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition).

1  the Due Process Clause of the Fifth Amendment.  Petitioner alleges that the asylum officer

2  failed to employ the required non-adversarial procedures when conducting his credible fear

3  interview, failed to consider binding case law, and failed to apply the correct legal standard

4  when evaluating his credible fear claim.  He further alleges the IJ failed to provide a

5  reasoned decision when affirming the asylum officer's determination.  Petitioner asserts

6  that the Court has habeas corpus jurisdiction to review his challenges pursuant to the Ninth

7  Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th

8  Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).

9      Petitioner asks the Court to: (1) enjoin Respondents from removing him from the

10  United States; (2) determine that his credible fear proceedings violated his statutory,

11  regulatory, and constitutional rights; (3) order Respondents "to pursue a constitutionally

12  adequate process to justify adverse immigration actions against Petitioner" and "follow the

13  applicable rules, regulations, law, and the constitution related to asylum and the credible

14  fear process"; (4) order Respondents to file a return within three days pursuant to 28 U.S.C.

15  § 2243; (5) order Respondents to provide notice prior to removal; and (6) award reasonable

16  costs and attorney's fees pursuant to the Equal Access to Justice Act.  (Doc. 1 at 28.)

17      The Court will require Respondents Barr, Carter, Wolf, and Cuccinelli to answer

18  the Petition.

19  **III.    Motion for Temporary Restraining Order and Preliminary Injunction**

20      Petitioner moves the Court to either enjoin his removal during the pendency of this

21  case or require Respondents to provide notice at least ten days prior to his planned removal.

22  (Doc. 2.)

23      A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil

24  Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer

25  irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his

26  favor; and (4) an injunction is in the public interest.  *Winter v. Natural Resources Defense

27  Council, Inc.*, 555 U.S. 7, 20 (2008); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir.

28  2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7

1    (9th Cir. 2001); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th

2    Cir. 2011) (discussing Ninth Circuit's "serious questions" test).  A temporary restraining

3    order ("TRO") under Rule 65(b), unlike a preliminary injunction under Rule 65(a), may be

4    entered before an adverse party has had an opportunity to respond.  A TRO may issue if:

5    "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and

6    irreparable injury, loss, or damage will result to the movant *before* the adverse party can

7    be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made

8    to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)

9    (emphasis added).

10            Petitioner has not demonstrated that he is at risk of imminent removal such that

11   irreparable harm will result absent a stay.  While Petitioner is subject to an order of

12   expedited removal, he does not allege any specific circumstances that indicate he will be

13   removed in the immediate future, before Respondents have had an opportunity to respond

14   to the Petition, or before the conclusion of this action.  Petitioner therefore fails to meet his

15   burden to demonstrate that he is entitled to a temporary or preliminary stay of removal, and

16   his Motion will be denied in part to the extent he seeks such relief.  In its discretion,

17   however, the Court will require that if Respondents intend to remove Petitioner from the

18   United States prior to the conclusion of this action, they must file and serve a "Notice of

19   Intent to Remove" at least ten days in advance, so as to afford Petitioner a reasonable

20   opportunity to file a motion for a stay of removal.

21   **IT IS ORDERED:**

22           (1)    Petitioner's Motion for Temporary Restraining Order and Preliminary

23   Injunction (Doc. 2) is **denied in part** as to Petitioner's request for a stay of removal and

24   **granted in part** as to Petitioner's request for prior notice.

25           (2)    If Respondents intend to remove Jose Rafael Ramirez Collada (A# 213-360-

26   986) from the United States prior to the Court's disposition of this matter, Respondents

27   must file a "Notice of Intent to Remove" with the Clerk of Court and serve a copy on

28   Petitioner at least **10 days** prior to the planned removal.

**TERMPSREF**

(3)     The Clerk of Court must **send** a copy of this order by separate email to the Immigration TRO Group.

(4)     The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition for Writ of Habeas Corpus (Doc. 1), and (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, Carter, Wolf, and Cuccinelli pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(5)     Respondents shall have **30 days** from the date of service to answer the Petition (Doc. 1).  Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(6)     Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply.  Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer.

(7)     Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

(8)     This matter is **referred** to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 1st day of June, 2020.


James A. Teilborg
Senior United States District Judge